IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MILDRED FAY KIDD                                                                                    PLAINTIFF

V.                                                                                    CAUSE NO.: 1:09CV182-SA

MIDPOINT RESOLUTION GROUP, LLC; AND
AARON WILLIAMS                                                                                  DEFENDANTS

DEFAULT JUDGMENT

Plaintiff filed this action against the Defendants on July 23, 2009. Summons were issued and returned executed as to each defendant by October 29, 2009. The Clerk of Court entered default as to Midpoint Resolution Group and Aaron Williams on February 18, 2010. Thereafter, Plaintiff filed a Motion for Default Judgment [26, 27] as to each defendant. Plaintiff seeks statutory damages under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. Section 1692, *et seq.*, costs, attorneys' fees, as well as post-judgment interest and attorneys' fees incurred in the collection of the judgment.

*Default Standard*

Federal Rule of Civil Procedure 55 provides the procedure for entering default judgments. The entry of a default judgment under Rule 55(b)(2) is committed to the sound discretion of the trial court. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993). A default judgment "is a judgment on the merits that conclusively establishes the defendant's liability . . . [b]ut it does not establish the amount of damages." United States use of M-Co Constr., Inc. v. Shipco Gen., Inc., 814 F.2d 1011, 1014 (5th Cir. 1987) (citing TWA v. Hughes, 449 F.2d 51, 70 (2d Cir. 1991); G.C. Merriam Co. v. Webster Dict. Co., 639 F.2d 29, 34 (1st Cir. 1980)).

*Liability*

Due to Defendants' failure to appear or plead, the following facts have been conceded: (1) Plaintiff is a "consumer"; (2) Midpoint Resolution Group, LLC, is a "debt collector;" and (3) Aaron Williams is an individual employee of Midpoint. Further, Plaintiff asserts that Defendants have made numerous attempts to collect amounts alleged to be owed on Plaintiff's credit card. Plaintiff informed Defendants that she was not liable for the charges to the account. Midpoint reported the account to the credit reporting bureaus but did not reflect that the account was disputed. On June 15, 2009, Aaron Williams contacted Plaintiff by telephone, which was a communication in an attempt to collect a debt. Plaintiff requested information regarding the debt, including written documentation supporting the debt. Williams informed Plaintiff that he had no such documentation and thereafter became abusive. Williams again contacted Plaintiff on July 13, 2009, in a continuing effort to harass Plaintiff through communications to collect a debt. Williams called Plaintiff again on July 15, 2009, and threatened Plaintiff. These acts and omissions violated the FDCPA.

*Damages*

In order for a plaintiff to recover under the FDCPA, there are three threshold requirements: (1) the plaintiff must be a "consumer"; (2) the defendant must be a "debt collector"; and (3) the defendant must have committed some act or omission in violation of the FDCPA. See, e.g., Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); see also 15 U.S.C. § 1692a(3), (6).

Plaintiff has not put forth any evidence or allegation that Aaron Williams is a "debt collector" as required by the FDCPA. Accordingly, Plaintiff is not entitled to statutory damages under the FDCPA against Williams, and the allegations against him are dismissed.

Plaintiff has met the requirements to hold Midpoint liable under the FDCPA.

The FDCPA provides that, in addition to actual damages (which Kidd does not seek on

default judgment), "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to . . . such additional damages as the court may allow, but not exceeding $1,000." 15 U.S.C. § 1692k(a). Plaintiff has pled sufficient facts to justify the imposition of a $1,000 statutory fine against Midpoint.

Pursuant to 15 U.S.C. § 1692k(a)(3), a prevailing plaintiff is entitled to the costs of her FDCPA action, as well as a reasonable attorney's fee. Plaintiff requests attorneys' fees in the amount of $900, being 4.5 hours at $200 per hour. The Court finds that the requested attorneys' fee rate is reasonable, and the hours expended were not excessive. Accordingly, the Court awards the requested attorney's fees against Midpoint, in the amount of $900. Additionally, Plaintiff is awarded costs of $500.

Plaintiff's Motion for Default Judgment [26] is GRANTED as to Midpoint, and DENIED as to Aaron Williams [27]. Defendant Midpoint, therefore, owes to Plaintiff the sum of $2,285, as well as post-judgment interest to accrue at a rate of 0.30% from this date.

SO ORDERED, this the 23rd day of June, 2010.

                                                                             **/s/ Sharion Aycock**
                                                                             **U.S. DISTRICT JUDGE**